**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NAVEEN CHIDARA | ) | |
| 32 Woodbridge Terrace, Apt. A | ) | |
| Woodbridge, NJ  07095 | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-00577 |
| | ) | |
| UNITED STATES OF AMERICA; | ) | |
| | ) | |
| JEH CHARLES JOHNSON, Secretary of | ) | |
| U.S. Department of Homeland Security, | ) | **COMPLAINT FOR DECLARATORY** |
| 245 Murray Lane, SW | ) | **AND INJUNCTIVE RELIEF** |
| Washington, D.C.  20528 | ) | |
| | ) | |
| LEON RODRIGUEZ, Director | ) | |
| U.S. Citizenship and Immigration Services | ) | |
| 20 Massachusetts Avenue, NW | ) | |
| Washington, D.C.  20529 | ) | |
| | ) | |
| DONALD NEUFELD, Associate Director | ) | |
| USCIS Service Center Operations | ) | |
| 20 Massachusetts Avenue, NW | ) | |
| Washington, D.C.  20529 | ) | |
| | ) | |
|     Defendants | ) | |
| _____ | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, NAVEEN CHIDARA, through undersigned counsel, complains of the

Defendants, JEH CHARLES JOHNSON, Secretary, U.S. Department of Homeland Security;

LEON RODRIGUEZ, Director, U.S. Citizenship and Immigration services; DONALD

NEUFELD, Associate Director, U.S. Citizenship and Immigration Services Service Center

Operations, as follows:

1

## I. PREFATORY STATEMENT

1.  Plaintiff Naveen Chidara has been employed in the United States as a computer programmer in H-1B status since December 2010.  At all times he has worked only as authorized by USCIS and he has maintained proper and lawful nonimmigrant status.  On November 18, 2015 he appeared at the U.S. Consulate in Hyderabad, India to renew his H-1B visa.  Mr. Chidara's application for an H-1B visa was denied on the basis that USCIS has made a determination that he is inadmissible under 8 U.S.C. §1182(a)(6)(C)(i) for having committed fraud in seeking to procure an immigration benefit.  USCIS entered this determination in government databases and this prevents Mr. Chidara from obtaining any type of visa to enter the United States.

2.  There is no factual or legal basis for the determination that Mr. Chidara is inadmissible under 8 U.S.C. §1182(a)(6)(C)(i).  USCIS's determination that Mr. Chidara is inadmissible was made in an arbitrary and capricious manner and constitutes a violation of due process.

3.  In this lawsuit, Mr. Chidara seeks an order declaring that USCIS's action is arbitrary and capricious, an abuse of discretion, or otherwise unlawful, and ordering USCIS to withdraw its finding of inadmissibility under 8 U.S.C. §1182(a)(6)(C)(i) so that Mr. Chidara will be able to obtain the visa to which he is rightfully entitled.

## II. JURISDICTION

4.  This court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question jurisdiction); 28 U.S.C. §2201 (Declaratory Judgment Act); 28 U.S.C. §1651 (the All Writs Act); and 28 U.S.C. §1361 (jurisdiction over actions for mandamus).  The Administrative Procedures Act, 5 U.S.C. §701 et seq. applies to this lawsuit.

### III. VENUE

5.  The District Court for the District of Columbia is a proper venue for this action under 28 USC §1391(e), because: Defendant Secretary Jeh Johnson is an officer of DHS and is responsible for the operation of DHS and the sub-agency USCIS, which are both headquartered in the District of Columbia, and Defendant Johnson performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia; Defendant Leon Rodriguez is the Director of USCIS, which is headquartered in the District of Columbia, and Defendant Rodriguez performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia; and Defendant Donald Neufeld is an officer of USCIS, which is headquartered in the District of Columbia, and Defendant Neufeld performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia.

### IV. PARTIES

6.  Plaintiff Naveen Chidara is a citizen and national of India, and is an employee of Active Health Management ("AHM"), a division of Healthagen, an Aetna company.  Mr. Chidara resides in Woodbridge, New Jersey.

7.  Defendant United States of America is responsible for the interpretation and implementation of the Immigration and Nationality Act, including the provisions relating to the issuance of visas and describing the grounds of inadmissibility under which this case arises.

8.  Defendant Jeh Johnson is the Secretary of the Department of Homeland Security ("DHS").  DHS is the agency of the United States that is ultimately responsible for the enforcement of immigration laws and granting immigration benefits.  Defendant Johnson is sued in his official capacity.

3

9.  Defendant Leon Rodriguez is the Director of U.S. Citizenship and Immigration Services ("USCIS").  USCIS is an administrative agency that implements and makes determinations regarding applications for H-1B visas.  USCIS is a bureau within the Department of Homeland Security.  Defendant USCIS is the agency that made the determination that Plaintiff Naveen Chadara is inadmissible under 8 U.S.C. §212(a)(6)(C).  Defendant Rodriguez is sued in his official capacity.

10.  Defendant Donald Neufeld is the Associate Director for USCIS Service Center Operations.  He is charged with overseeing all the activities of the four regional Service Centers of USCIS, including the determinations made in the context of adjudication of H-1B petitions. Defendant Neufeld is sued in his official capacity.

## V. FACTS AND PROCEDURAL HISTORY

11.  Naveen Chidara is trained as a computer programmer.  He graduated in 2004 with a Bachelor in Technology from Kakatiya University in Telangana, India.

12.  Naveen Chidara entered the United States on or about May 28, 2010 on an L-1 visa to work for Keane, Inc. (now NTT Data), a company providing Information Technology services.  The L-1 visa was valid through May 21, 2013.  All of the work that Mr. Chidara performed for Keane was authorized by USCIS and Mr. Chidara maintained proper immigration status during this time.

13.  Sovereign Technologies ("Sovereign") is a company that provides software services, including software development, for companies that rely on computer technology to operate their businesses more efficiently.  Sovereign routinely employs individuals to perform custom programming services in the healthcare, transportation, finance and banking industries.

4

14. In the spring of 2012 Sovereign contracted with Acupera in San Francisco, California, to provide several program analysts for a Telemedicine Project being developed by Acupera. The parties expected work to begin in the fall. The specific requirements and scope of the work to be performed by Sovereign were to be agreed upon before work began.

15. Mr. Chidara was not involved in the negotiations with Acupera, and he was not aware of the agreement between Sovereign and Acupera.

16. Sovereign recruited Mr. Chidara to work for Sovereign as a computer programmer (programmer analyst). In accepting the job offer, Mr. Chidara understood that he would perform work as a computer programmer at the direction of and under the supervision of Sovereign. He did not have authority to decide where to work, but understood that he would work on the projects that Sovereign assigned to him.

17. On June 5, 2012, Sovereign filed an application to classify Mr. Chidara as an H-1B worker. This application was based on work that Sovereign expected to perform for Acupera pursuant to its agreement. Sovereign stated on the application that work was expected to begin at Acupera on or about November 1, 2012.

18. On June 22, 2012 the H-1B petition for the benefit of Mr. Chidara was approved, with a validity period from November 1, 2012 to April 12, 2015. Under this petition, Mr. Chidara was authorized to work for Sovereign as a computer programmer. At all relevant times Sovereign had the authority to assign work to Mr. Chidara and tell him where his work location would be.

19. During the summer of 2012 Sovereign attempted to clarify the precise nature of the work to be performed for Acupera. However, due to the failure of Acupera to adequately define the scope of the project and provide the specific requirements for the work, Sovereign did not

5

begin work on the project.  As a result, Mr. Chidara did not work on the Telemedicine Project at Acupera  as Sovereign had originally intended.

20.  Sovereign then assigned Mr. Chidara to work on a project for SAC Capital Advisors, LP, in Stamford, Connecticut.  Before Mr. Chidara began work at SAC, Sovereign obtained a new certified Labor Condition Attestation for this work, which authorized Mr. Chidara to work for Sovereign at SAC..

21.  Mr. Chidara worked for Sovereign on the project at SAC from December 2012 to June 2013.  At all times during this period, Mr. Chidara's work was authorized by USCIS and he maintained proper immigration status.

22.  Shortly before June 2013, Sovereign assigned Mr. Chidara to work on a project for Broadridge Financial Solutions in Edgewood, New York.  Before Mr. Chidara began work at Broadridge, Sovereign obtained a new certified Labor Condition Attestation for this work, which authorized Mr. Chidara to work for Sovereign at Broadridge.

23.  Mr. Chidara worked for Sovereign on the project at Broadridge until the end of June 2013.  At all times during this period, Mr. Chidara's work was authorized by USCIS and he maintained proper immigration status.

24.  Sovereign then assigned Mr. Chidara to work on the AdminSuite Project for Active Health Management ("AHM"), in New York, New York.  Before Mr. Chidara began work at AHM, Sovereign obtained a new certified Labor Condition Attestation for this work, which authorized Mr. Chidara to work for Sovereign at AHM.

25.  Mr. Chidara worked for Sovereign on the AHM project from August 2013 to March 20, 2015.  At all times during this period, Mr. Chidara's work was authorized by USCIS and he maintained proper immigration status.

26.  In or about January 2015, AHM offered Mr. Chidara work as a direct employee, and Mr. Chidara accepted the offer of employment. On March 5, 2015 AHM filed an application with USCIS requesting that Mr. Chidara be classified as an H-1B worker authorized to work for AHM.  This application was approved on March 9, 2015.

27.  On March 2, 2015, the USCIS California Service Center (which had adjudicated the H-1B application filed on behalf of Mr. Chidara) sent to Sovereign a Notice of Intent to Revoke ("NOIR") the H-1B status of Naveen Chidara.  The NOIR alleged that Sovereign falsified documents when it filed the H-1B application in June 2012 for the benefit of Mr. Chidara based on work to be performed for Acupera in San Francisco, California.  USCIS did not send a copy of this notice to Mr. Chidara, and he was not a party to this adjudication.

28.  On or about March 27, 2015, Sovereign sent a response to USCIS establishing that it had committed no fraud or misrepresentation in the application it had file for Mr. Chidara. Sovereign fully responded to the allegations of fraud and misrepresentation, and provided documentation proving that Sovereign and Acupera had been engaged in good faith negotiations for services Sovereign was to provide to Acupera beginning in the fall of 2012.  On information and belief, USCIS never finally made a decision on the NOIR.

29.  On or about March 20, 2015, Mr. Chidara terminated his employment with Sovereign and he began working for AHM. Mr. Chidara worked from AHM from on or about March 23, 2015 to November 11, 2015, when he departed to India for a vacation.  At all times during this period, Mr. Chidara's work was authorized by USCIS and he maintained proper immigration status.

30.  In order to return to the United States and continue his employment with AHM, Mr. Chidara was required to obtain an H-1B visa from the U.S. Consulate in Hyderabad, India.  He

filed an application for an H-1B visa and was scheduled for an interview at the U.S. Consulate in Hyderabad.  Mr. Chidara appeared at the Hyderabad Consulate for an interview on November 18, 2015. At the conclusion of the interview, the U.S Consulate gave Mr. Chidara a notice stating that his application was denied on the basis of INA 221(g), 8 U.S.C. §1201(g).

31.  Mr. Chidara requested a further explanation from the U.S. Consulate for the reason why his application for a nonimmigrant visa was denied.  On January 22, 2016 the U.S. Consulate in Hyderabad responded to Mr. Chidara, stating that he is inadmissible to the United States under 8 U.S.C. §1182(a)(6)(C)(i) for having sought to procure an immigration benefit by fraud or a willful misrepresentation of a material fact.

32.  Mr. Chidara contacted the Department of State LegalNet Office for an explanation of the denial.  On March 7, 2016 LegalNet responded that USCIS had determined that Mr. Chidara is permanently inadmissible under 8 U.S.C. §1182(a)(6)(C)(i) based on an investigation into the work that Mr. Chidara was expected to do for Acupera.  LegalNet informed Mr. Chidara that in order to dispute the finding, Mr. Chidara would have to respond to USCIS.

33.  Mr. Chidara contacted the USCIS office in Delhi, India, but they told him that the issue regarding fraud allegations against him was not in their jurisdiction.  Mr. Chidara was not able to resolve the issue with the USCIS office in the United States because they took the position that the fraud allegations were based on the H-1B petition filed by Sovereign, and only the Petitioner (Sovereign) had standing to address issues regarding the H-1B petition, not the Beneficiary (Mr. Chidara), who had not filed the petition.

## VI. CAUSE OF ACTION

34.  Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-33 above.

35. In order to conclude that a person is inadmissible under 8 U.S.C. §1182(a)(6)(C)(i), there must be substantial evidence that (1) the person made a false statement; (2) the statement was material; (3) the person knew that the statement was false; and (4) the statement was intended to deceive a government official. *See, e.g. Matter of G-G-*, 7 I&N Dec. 161, 164 (BIA 1956).

35. USCIS has no evidentiary support for the claim that Mr. Chidara ever made a false statement to USCIS or any other agency; USCIS has no evidentiary support for the claim that any such alleged false statement was material; USCIS has no evidentiary support for the claim Mr. Chidara knew that any such alleged statement was false; and USCIS has no evidentiary support for the claim that by means of such alleged statement Mr. Chidara intended to deceive a government official.

36. USCIS's finding that Mr. Chidara made a false or misleading statement to obtain an immigration benefit and that he is thereby inadmissible under 8 U.S.C. §1182(a)(6)(C)(i) constitutes arbitrary and capricious agency action, an abuse of discretion, and is otherwise in violation of law.

37. In determining whether a person is inadmissible under 8 U.S.C. §1182(a)(6)(C)(i), given the extremely harsh consequences of a finding of fraud, including permanent inadmissibility to the United States, the factual basis for such a finding must be given close scrutiny, and USCIS must consider all relevant evidence bearing on the matter. *Matter of Healy and Goodchild*, 17 I&N Dec. 22, 28 (BIA 1979); *Butte County v. Hogen*, 613 F.3d 190 (D.C. Cir. 2010).

38. USCIS failed to consider all of the relevant evidence concerning the allegation of fraud against Mr. Chidara, and failed to give careful scrutiny to the relevant evidence as required

by governing precedent decisions.  In determining that Mr. Chidara made a false or misleading statement to obtain an immigration benefit and that he is thereby inadmissible under 8 U.S.C. §1182(a)(6)(C)(i), USCIS acted in an arbitrary and capricious manner, abused its discretion, and acted  in violation of law.

39.  In light of the severity of the penalty, §1182(a)(6)(C)(i) does not cover a situation in which the person merely secured a document to which he was not entitled.  *See Matter of G-G-*, 7 I&N Dec. at 165.  Where an agency fails to consider all of the relevant evidence in making a decision, its finding constitutes arbitrary and capricious agency action.  *Butte County v. Hogen*, 613 F.3d 190 (D.C. Cir. 2010).

40.  Even assuming that Mr. Chidara obtained an H-1B visa when he was not entitled to receive such visa, any such error was on the part of Sovereign and/or USCIS and not due to any fraud or misleading statements made by Mr. Chidara.  In determining that Mr. Chidara made a false or misleading statement to obtain an immigration benefit and that he is thereby inadmissible under 8 U.S.C. §1182(a)(6)(C)(i), USCIS acted in a manner that violates binding precedent decisions and therefore in a manner that is arbitrary and capricious and in violation of law.

41.  USCIS has a legal duty to provide notice to a noncitizen of a decision that will be adverse and must provide an opportunity to the noncitizen to submit evidence in response to the derogatory information.  8 C.F.R. §103.2(b)(16).  The duty to provide notice to a noncitizen is grounded in the requirements of the Due Process Clause of the Constitution.  *See, e.g. Greene v. McElroy*, 360 U.S. 474, 496 (1959); *Bowman Transp. v. Arkansas Best Freight Sys.*, 419 U.S. 281, 288 n.4 (1974).

42.  USCIS made the determination that Mr. Chidara is inadmissible under 8 U.S.C. §1182(a)(6)(C)(i), and informed the Department of State that Mr. Chidara is inadmissible on that

ground, without giving notice to Mr. Chidara of the derogatory evidence it was relying on and without affording Mr. Chidara an opportunity to respond to the derogatory evidence.

43. In determining that Mr. Chidara is inadmissible under 8 U.S.C. §1182(a)(6)(C)(i), and in stating to the Department of State that Mr. Chidara is inadmissible on that ground, USCIS violated the governing regulations and violated the Due Process Clause of the Constitution.

44. Plaintiff has exhausted all of the administrative remedies that are available to them. There are no further administrative remedies available to Plaintiff.

## VII. CLAIMS

45. The USCIS decision finding Naveen Chidara inadmissible under 8 U.S.C. §1182(a)(6)(C)(i) violates the governing statute and regulations, is arbitrary and capricious, an abuse of discretion, and not otherwise in accordance with law.

46. On any fair reading of the record, there is no evidentiary basis to conclude that Mr. Chidara has sought to procure an immigration benefit by fraud or willfully misrepresenting a material fact. The USCIS determination that Plaintiff Naveen Chidara made a willful misrepresentation of a material fact in the application for an H-1B visa is arbitrary and capricious, unsupported by evidence in the record, and contrary to law.

47. The USCIS determination that Naveen Chidara is inadmissible under 8 U.S.C. §1182(a)(6)(C)(i) is unlawful in that USCIS has adopted no lawful procedures for making such a determination; and USCIS failed to follow any proper and lawful procedures for notifying the Department of State that an applicant for a visa has made a false or fraudulent statement. The USCIS action notifying the Department of State that Mr. Chidara made a false or fraudulent statement constitutes a violation of the governing regulations, governing precedent decisions, and the Due Process Clause of the Constitution.

11

## VIII. <u>PRAYER</u>

WHEREFORE, Naveen Chidara prays for judgment against the Defendants and requests that the court shall

(A)  declare that USCIS's determination that Plaintiff Chidara is inadmissible under 8 U.S.C. §1182(a)(6)(C)(i) is unlawful,

(B)  order USCIS to withdraw the §1182(a)(6)(C)(i) finding against Plaintiff Naveen Chidara;

(C)  order that USCIS's §1182(a)(6)(C)(i) finding be purged from all databases used by the Defendants and/or the Department of States to adjudicate the admissibility of Naveen Chidara to the United States;

(D)  declare that Plaintiff Naveen Chidara is not inadmissible to the United States;

(E)  award Plaintiffs their attorneys' fees and costs;

(F)  grant such other relief as is appropriate.

Respectfully submitted this 28th day of March, 2016.


*By counsel, /s/ Thomas K. Ragland*

Thomas K. Ragland
D.C. Bar No. 501021
Clark Hill PLC
601 Pennsylvania Ave. N.W.
North Building, Suite 1000
Washington, DC 20004
T: (202) 552-2360
F: (202) 772-0901
E: tragland@clarkhill.com
*Counsel for the Plaintiffs*